UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SPORTS BELLE, INC., and | ) | |
| J. LEE PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-400 |
| | ) | (GUYTON) |
| TRAVELERS PROPERTY CASUALTY | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the rules of this Court, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 15]. On November 19, 2009, the Plaintiffs filed a Motion to Compel Answers to Interrogatories and Memorandum of Law in Support Thereof [Doc. 40]. On November 23, 2009, the Defendant filed its Motion to Stay Response to Plaintiff's Motion to Compel Answers to Interrogatories and Memorandum in Support [Doc. 41], requesting the Court stay the deadline for the Defendant's responsive pleading until ten days following the Court's ruling on the Defendant's renewed Motion to Reconsider [Doc. 39]. The Plaintiffs responded in opposition to the Defendant's Motion to Stay on November 30, 2009.

In the Motion to Compel, the Plaintiffs request an order compelling the Defendant to more fully answer Interrogatories 12 and 13, which were served on the Defendant by the Plaintiffs. In substance, Interrogatory 12 asks the Defendant to identify each and every statement made by Jesse Lee, a third-party involved in the operation and management of the Plaintiff corporations, in his examination under oath ("EUO") which the Defendant contends are inaccurate, and identify the

evidence supporting any such beliefs. [Doc. 40 at 1]. The Defendant has made a specific and thorough objection to the Interrogatory, which notes, among other things, that to answer this interrogatory the Defendant would have to engage in hundreds of pages of unnecessary discussion about the contents of the over four-hundred page examination transcript.

After reviewing Interrogatory 12 and the Defendant's objection thereto, the Court finds that Interrogatory 12 is unduly burdensome, and therefore, the Defendant's objection to Interrogatory 12 is **SUSTAINED**. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Interrogatory 13 requests "each and every claim for insurance benefits as a result of a fire loss made by an insured of Defendant within the state of Tennessee for the past ten (10) years," along with related names, addresses, law firm names, case numbers, court styles, etc. The Defendant also made a specific and articulate objection to this Interrogatory. Given the broad timeline, subject matter, and region included in the request, the Court finds that Interrogatory 13 is also unduly burdensome, and therefore the Defendant's objection to Interrogatory 13 is **SUSTAINED**. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Having sustained the Defendant's objections to Interrogatories 12 and 13, the Court finds that the Plaintiffs' Motion to Compel **[Doc. 40]** is not well-taken, and it is **DENIED**. Further, having denied the Plaintiffs' Motion to Compel, the Court finds the Defendant's Motion to Stay Response to Plaintiffs' Motion to Compel Answers to Interrogatories and Memorandum in Support **[Doc. 41]** is now moot, and accordingly, it is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge